E-FILED
Monday, 23 March, 2015 11:49:26 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEREK RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3325-MMM |
| | ) |
| | ) |
| MS. SANDERS, TARRY WILLIAMS, | ) |
| SALVADOR A. GODINES, and | ) |
| DAWN BREWER, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

**MICHAEL M. MIHM, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Derek Richardson's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

## II.
## ANALYSIS

Plaintiff has filed this suit under 42 U.S.C. § 1983 alleging that Defendants have violated his rights by failing or refusing to place him in a drug treatment program. Plaintiff contends that, because Defendants have not or will not place him in a drug treatment program, he has not been able to qualify for or to receive any supplemental sentence credits towards his sentence, and therefore, he will not be able to be released sooner from the IDOC's custody. Plaintiff claims that Defendant Brewer lied to him about his placement in drug treatment program and his qualifying for the supplemental sentence credit, and the other Defendants are not "doing their job" as it relates to his qualifying for the supplemental sentence credits. Accordingly, Plaintiff has filed this suit asking the Court to order that he receive supplemental sentence credits and also to award damages to him.

"To prevail in this section 1983 action, [Plaintiff] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [Defendants] intentionally deprived him of that right and (4) that [Defendants] acted under color of state law."

*Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010). Contrary to Plaintiff's claim, he has no constitutionally protected right to receive supplemental sentence credits.

As one district court has explained, such sentencing credits are wholly discretionary, and an inmate "has no constitutionally-protected right to this type of discretionary sentence credit." *Hill v. Gondinez*, 2013 WL 3866673, * 2 (S.D. Ill. July 25, 2013). Merely claiming that Defendants are not doing their jobs is insufficient to state a claim under § 1983, and it is insufficient to convert a discretionary function into one that constitutes a constitutionally protected right that inures to Plaintiff.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff Derek Richardson's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2. This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

**4. This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. All pending motions are DENIED as moot.**

ENTERED this 23rd day of March, 2015

                                                        s/ Michael M. Mihm
                                                     MICHAEL M. MIHM
                                       UNITED STATES DISTRICT JUDGE